# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    **v.**                               **Case No. 04-CR-31**

**MARK RANUM,**
            **Defendant.**

---

## DECISION AND ORDER

        Defendant Mark Ranum requested early termination of his supervised release, and I ordered the government and probation office to respond. I now deny the motion.

## I. BACKGROUND

        A jury found defendant guilty of misapplying bank funds, and I sentenced him to 12 months and 1 day in prison followed by five years of supervised release. I further ordered him to make restitution to the bank in the amount of $600,000. Defendant completed his prison sentence and commenced supervision on January 25, 2006. According to the probation office, he has been compliant with his conditions, working and making regular restitution payments. However, probation does note some concern with the extent of defendant's travel and recreational activities. Given the amount of outstanding restitution – over $594,000 – the government opposes early termination.

## II. DISCUSSION

### A.    Early Termination Standard

        Section 3583(e)(1) of Title 18 provides that the court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Thus, under the statute the court may terminate a defendant's supervised release if (1) he has served at least one year; (2) considering the sentencing factors in 18 U.S.C. § 3553(a) as well as the defendant's conduct, termination is in the interests of justice; and (3) the government is given notice and an opportunity to be heard. See United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998).

"The language in this statute is discretionary, and the district court has wide discretion in determining whether to terminate an individual's term of supervised release." United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006), cert. denied, 127 S. Ct. 2081 (2007). However, courts have generally concluded that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early release. Instead, termination generally is granted only in cases with a new or unforeseen circumstance, such as where the defendant's conditions unreasonably impede his rehabilitation or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Weintraub, 371 F. Supp. 2d 164, 166-67 (D. Conn. 2005); Medina, 17 F. Supp. 2d at 246-47; see also United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003) (stating that early termination of probation is not warranted based on "mere compliance" but rather "only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior").

**B.    Analysis**

I decline to grant early termination in this case. While defendant has avoided violations and generally fulfilled his obligations, the court expects those on supervised release to work and follow the rules. Defendant makes no showing that his conduct has

2

been exceptionally good, or that the conditions of supervised release impede his rehabilitation or impose any undue hardship. Defendant contends that the supervising probation officer has denied or restricted his travel, and that these limitations on his mobility almost mirror a continuation of his incarceration. However, federal supervised release is supposed to involve a "substantial restriction of freedom." Gall v. United States, 128 S. Ct. 586, 595 (2007). In any event, it appears that the probation office has granted defendant a significant number of travel requests, and the court is able to review any denials defendant believes to be unreasonable.[1] Finally and most importantly, further supervision is warranted to ensure that defendant continues paying restitution. See 18 U.S.C. § 3553(a)(7).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's request for early termination of supervised release is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

_____

[1]I recently granted defendant's travel request to visit his girlfriend.